# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC S. BOWKER,** | : | **CIVIL ACTION NO. 1:05-CV-0942** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **DOCTOR VANESSA THOMAS, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 7th day of November, 2005, upon consideration of the order of court (Doc. 26) directing plaintiff, proceeding *pro se* and *in forma pauperis* in this case, to file, on or before October 28, 2005, a response showing cause why the above-captioned action should not be dismissed for failure to prosecute, and of the previous order of court (Doc. 25) directing plaintiff to file a brief in opposition to defendants' motions (Docs. 10, 11) for judgment on the pleadings or summary judgment and for substitution of a party, and advising that failure to do so could result in dismissal of this case for failure to prosecute, and it appearing that plaintiff has not filed a response or brief in opposition to the motion to dismiss as of the date of this order, see FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant

to deciding whether to dismiss for failure to prosecute), that plaintiff, acting *pro se* in this action, was advised of the necessity of responding to defendants' motions and to orders of court and is personally responsible for failing to do so, see id. (identifying "extent of the party's personal responsibility" as first factor), that plaintiff's conduct has prejudiced defendants by requiring defendants to assume the cost of continued preparation for trial without prompt resolution of the likely meritorious motion, see id. (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to respond to defendants' motions or the orders of court (Docs. 10, 11, 25, 26) constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as third factor), that plaintiff's failure to respond to the orders of court when previously advised by the court that inaction may result in dismissal of the above-captioned case constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that admission of certain facts or evidence or assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff has already been deemed not to oppose the motions[1] and because plaintiff is proceeding *in forma pauperis* in this case (Doc. 1, Ex. 8), see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), and that plaintiff's claim likely lacks merit (see Docs. 1, 16), see id. at 869-70 (identifying "[m]eritoriousness of the claim" as sixth factor), it is hereby ORDERED that:

---

[1] See L.R. 7.6 ("Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.").

1. The above-captioned action is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge